IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| GENOVA TECHNOLOGIES, | ) | |
| | ) | |
| Plaintiff, | ) | No. C 08-133 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| THE SIGNATURE GROUP, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on defendant's resisted Motion for Summary Judgment, filed December 15, 2009. Briefing concluded on January 19, 2010. Granted in part and denied in part.

Plaintiff Genova Technologies, an Iowa corporation with its principal place of business in Cedar Rapids, Iowa, brings this action against defendant Signature Group, pled to be a citizen of a state other than Iowa, with a principal place of business in Ellicott City, Maryland, seeking damages for breach of agreement (Count 1) and tortious interference with business relations (Count 2), and injunctive relief (Count 3). The amount in controversy exceeds $75,000. Jurisdiction is based on 28 USC §1332.

On July 9, 2007, plaintiff and defendant entered into a Consulting Services Agreement (Agreement) which has among its provisions a non-solicitation clause purporting to limit defendant's activities with plaintiff's clients or prospective clients. Plaintiff asserts defendant is performing work in violation of that clause, giving rise to this action. The clause provides:

> 6.2    Non Solicitation of Clients.    During the term of this Agreement and for a period of twelve (12) months after its termination, Consultant will not solicit, divert, or take away, or attempt to divert or take away, the business or patronage of any client or prospective client of the Genova.  The phrase "client or prospective client" means any entity (e.g., individual, business, business unit, or business division) for whom Consultant will provide Services under this Agreement or that Consultant has made contact with as a result of this Agreement.

> Amendment to 6.2:   It is the understanding of both parties, Genova and the Consultant, that there is currently a relationship in place between the Consultant and the Client for whom the Consultant will provide services under the agreement.  This client "Center for Beneficiary Choices" is excluded from the terms in article 6.2 for the services that will be provided by the Consultant as specifically defined in CMS Task Order 15.

As noted in the court's order of May 4, 2009, the Center for Medicare and Medicaid Services (CMS) is an agency under the Department of Health and Human Services, and the CMS, in turn, has within it many entities, including the Center for Beneficiary Choices (CBC)[1] and the Office of Research, Development, and Information (ORDI).  Plaintiff asserts that within the meaning of the non-

---

[1] The CBC has been renamed the "Center for Drug and Health Plan Choice."

solicitation clause, the Client is the CMS. Accordingly, plaintiff urges that defendant is prohibited from soliciting any additional work from the CMS or its various entities other than as to the CBC (specifically excepted from the prohibition under the Amendment to Article 6.2), and that defendant has contracted with the ORDI in violation of the clause.

Defendant seeks summary judgment, asserting that the Agreement expressly defines the client as the CBC, and therefore the non-solicitation clause of the Agreement doesn't apply to its contracting for services with any other CMS entity, including the ORDI. Accordingly, defendant asserts that it is neither in breach of the Agreement, nor did it tortiously interfere with any of plaintiff's business relations. Plaintiff resists, urging that multiple issues of material fact preclude the entry of summary judgment, including issues as to the identity of the client(s) to which the non-solicitation clause is to be applied.

> Fed. R. Civ. P. 56(c) provides that summary judgment shall be entered if the "pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is not a genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In deciding whether to grant a motion for summary judgment, the district court must view the evidence in favor of the party opposing the motion and give him the benefit of all reasonable inferences. Kegal v. Runnels, 793 F2d 924, 926 (8th Cir. 1986). However, parties opposing a summary judgment motion may not rest merely upon the allegations in their pleadings. Buford v. Tremayne, 747 F2d 445, 447 (8th Cir. 1984). The opposing parties must resist the motion by setting forth specific facts showing that there is a genuine issue of

material fact for trial. Id., (citing Fed. R. Civ. P. 56(e) and Burst v. Adolph Coors Co., 650 F2d 930, 932 (8th Cir. 1981)).

Green v. St. Louis Housing Authority, 911 F2d 65, 68 (8th Cir. 1990).

As to the claimed breach of agreement, it is the court's view that there exist disputed issues of material fact precluding the entry of summary judgment. As to the claimed tortious interference with business relations, for the reasons thoroughly set forth in the court's Report and Recommendation of May 4, 2009 at pages 18-20, the court concludes there exists no disputed issue of material fact, and defendant is entitled to summary judgment as a matter of law.

As a housekeeping matter, in its order of April 1, 2009, the court noted that defendant is a citizen of Maryland. However, upon further review, while it appears the Complaint pleads that defendant maintains a principal place of business in Maryland and that the parties are citizens of different states, the Complaint does not affirmatively plead the state of defendant's citizenship. For clarification of the record, plaintiff shall be required to file a supplemental jurisdictional statement expressly setting forth the state of defendant's citizenship.

It is therefore

ORDERED

1. Motion for Summary Judgment denied as to Count 1 and granted as to Count 2 in accordance herewith.

4

2. By not later than Friday, July 16, 2010, plaintiff shall file a supplemental jurisdictional statement in accordance herewith.

July 1, 2010.

_____

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT